

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. Richard Voges
County Attorney
Wilson County
Floresville, Texas

Dear Sir:                    Opinion No. 0-2053
                             Re:  Sheriffs - Article 3933,
                                  Revised Civil Statutes.

        Your request for opinion has been received and
carefully considered by this department.  We quote from your
letter of request as follows:

        "The last paragraph of Article 3933, Ver-
    non's Annotated Civil Statutes, provides:

        "'For every day the Sheriff or his deputy
    shall attend the District or County Court, he
    shall receive Four Dollars ($4) a day to be
    paid by the county for each day that the Sheriff
    by himself or a deputy shall attend said court.
    As amended Acts 1937, 45th Leg., p. 437, ch. 224,
    #1.'

        "Please be advised that in 1907, an order
    was passed by the Commissioners' Court of Wilson
    County, by virtue of the authority granted by
    Article 1965, Vernon's Texas Statutes, 1936, and
    recorded in the Minutes of the Commissioners'
    Court that the County Court would in addition to
    the four regular terms of the County Court, as
    provided by Article 1961, have six additional
    terms of the County Court, for one day each.

        "Until this day neither the County Judge,
    nor I, the Sheriff or the Attorneys of Wilson
    County knew that such order had been passed in
    1907.  Therefore the Sheriff has never presented
    a bill for attending this one day of the county
    court, nor did she in fact, attend this court on
    the one day of the six additional terms of the
    court.

Honorable D. Richard Voges, Page 2

"Please advise me whether or not the
Sheriff is entitled to compensation as provided
under such circumstances?

"It is contemplated by the Commissioners'
Court to pass a new order, extending the six ad-
ditional terms of the County Court from one day
to three weeks each. However, since it is not
expected to have a jury for each term of said
Court, nor is it thought that very much business
will be disposed of, and since the Sheriff will
not be required to be in attendance of said
court, and actually will not be in attendance,
unless a case is on trial, will the fees provided
in the above quoted Article have to be paid.

"The reason that we desire to extend the
terms of the Court from one day to three weeks is
that we do not want to keep a person charged with
a misdemeanor in jail to await trial in the County
Court for three or four weeks, and would rather
have ten terms, as permitted by law, for three
weeks each and in this way we could dispose of our
County Court misdemeanor cases in short order, how-
ever, if it is required to pay the Sheriff Four
Dollars per day for each day of the court, the Coun-
ty can not afford to do so.

"In this connection, in view of the holding in
the case of Burns vs. State, 61, S. W. (2d) 313,
Justice Christian used the following words:

"'Where the law fixing the fee is settled
and plain the rule, in its rigor, will be applied.'

"The Sheriff of this County under our statutes
is a fee officer and is entitled to only such fees
as are specifically allowed by statutes. Crosby
County Cattle Company vs. McDermett 281 S. W. 293.

"Fees by implication are not permitted. Mc-
Calla vs. City of Rockdale et al, 246 S. W. 654.

"Sheriff is not entitled to $2.00 a day for
attending on Commissioners' Court but his compensa-
tion was the ex-officio allowance under Article 3934.
Robinson vs. Smith County, 76 S. W. 584.

Honorable D. Richard Voges, Page 3

> "I am of opinion that the Sheriff would
> be entitled to pay for each day of the County
> Court whether or not he or his deputies be in
> attendance so long as they were in and about
> the Courthouse and whether or not a case was
> being tried. I am also of the opinion that if
> the court advised the Sheriff that his atten-
> dance was not necessary, that the Sheriff
> nevertheless be entitled to such pay."

The population of Wilson County, Texas, is Seven-
teen Thousand Six Hundred and Six (17,606) inhabitants ac-
cording to the last preceding Federal Census and the county
officials of said County are compensated on a fee basis.

Article 3933, Revised Civil Statutes of Texas,
reads in part as follows:

> "Sheriffs shall receive the following fees:
>
> " * * *
>
> "For every day the Sheriff or his deputy
> shall attend the district or county court, he
> shall receive four dollars ($4) a day to be
> paid by the county for each day that the sheriff
> by himself or a deputy shall attend said court."

This department has repeatedly ruled that a sheriff
is entitled to pay for attendance upon the court under Article
3933, supra, only when the court is actually in session and
not while merely constructively in session.

We quote from an opinion of this department, dated
September 28, 1937, addressed to Honorable Ben J. Dean, as
follows:

> "In an opinion here:ofore rendered by
> this department on February 21, 1937, which
> was ruled that the sheriff was entitled to
> the fees mentioned . . . only when the court
> was actually in session. The opinion construes
> the phrase 'actually in session' to mean the
> presence of the judge, and it also points out
> the fact the judge must assume the bench and pro-
> ceed with the business of the court. This opin-
> ion has been followed by this department on
> numerous occasions."

Honorable D. Richard Voges, Page 4

We quote from opinion No. 0-966 of this department, dated June 13, 1939, as follows:

"You are respectfully advised that it is the opinion of this department that the sheriff of Walker County is entitled to $4.00 each day he is actually in attendance upon the court since the statute specifies that this sum is to be paid for each day that the sheriff or his deputy shall attend said court. No per diem should be allowed where there is no such attendance even though the court may be in session and is performing its various duties where the court is required to perform many functions where the attendance of the sheriff or his deputy is not necessary. It must be borne in mind that statutes permitting compensation to public officials must be strictly construed and it is a settled policy of the courts not to permit the payment of fees or other forms of compensation, unless the statutes specifically and clearly authorize the same." (underscoring ours)

In answer to your first question, under the facts stated in paragraphs 3 and 4 of your letter, wherein it is admitted that the Sheriff was not in attendance on the county court, it is the opinion of this department that the sheriff would not be entitled to compensation under such circumstances and your first question is therefore answered in the negative.

With reference to the facts stated and the questions raised in paragraphs 6, 7 and 12 of your letter, you are respectfully advised that it is the opinion of this department, under said facts:

1. The sheriff would be entitled to pay for each day the judge required him to be in attendance on the county court while said court was actually in session as defined above.

2. The sheriff would be entitled to pay for each day he attended county court actually in session where his attendance was necessary. In the absence of abuse of discretion or capricious or arbitrary conduct on the part of the county judge we think the county judge's decision as to whether or not the attendance of the sheriff on county court was necessary, would be controlling.

Honorable D. Richard Voges, Page 5

     3. The sheriff would not be entitled to compensation in such circumstances if his attendance on court was neither necessary nor required.

     4. If the judge required the sheriff to attend the court while it was actually in session or if the sheriff attended such court while it was actually in session when it was necessary then the sheriff would be entitled to compensation.

     Trusting that this satisfactorily answers your inquiry, and with best regards, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By - 

Wm. J. Fanning
Assistant

WJF:AW

APPROVED MARCH 28, 1940

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
By: B. W. B., Chairman